# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDISH KUMAR, | Case No. SA CV 16-1358 JCG |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*, | |
| Defendant. | |

Jagdish Kumar ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed his credibility. (*See* Joint Stip. at 5-13, 19-20)[2]. The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); [Dkt. No. 15 at 1 n.1].

[2] Part of Plaintiff's portion of the Joint Stipulation discusses another claimant. (Joint Stip. at 9.) Counsel appears to have erroneously copied and pasted briefing from a Joint Stipulation in another case. *See Phillips v. Colvin*, 2016 WL 2758250, at *5 (C.D. Cal. May 12, 2016) (discussing the lack of care taken in counsel's filings, including that "[p]laintiff's portion of the joint stipulation appears to have been copied and pasted from those prepared by her counsel in other cases");

1

As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal citation and quotation marks omitted).

A. <u>Evidence of Malingering</u>

As an initial matter, the ALJ was entitled to reject Plaintiff's testimony without providing clear and convincing reasons because there was affirmative evidence of malingering.[3] *See Bagoyan Sulakhyan v. Astrue*, 456 F. App'x 679, 682 (9th Cir. 2011) ("When there is affirmative evidence of malingering . . . the ALJ is relieved of the burden of providing specific, clear, and convincing reasons to discount claimant's testimony."); *Schow v. Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) ("[T]he mere existence of 'affirmative evidence suggesting' malingering vitiates the clear and convincing standard of review"). Here, the psychological consultative examiner's report indicated that Plaintiff: (1) did not give an "authentic presentation" of his abilities; (2) put forth minimal effort toward testing; (3) feigned confusion and memory loss; (4) failed preschool-level testing items, which was inconsistent with his activities of daily living; and (5) was diagnosed with "[m]alingering" under the Diagnostic and Statistical Manual of Mental Disorders. (Administrative Record ("AR") at 15-16, 18, 610-14.)

---

*Hampton v. Colvin*, 2015 WL 1884313, at *5-6 (N.D. Cal. Apr. 23, 2015) (agreeing with Commissioner that a portion of counsel's filings "are nearly verbatim, changing only the record citations, plaintiffs' names, and gender pronouns").

[3] Counsel for Plaintiff fails to discuss, or even acknowledge, this and other reasons provided by the ALJ. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding); [Dkt. No. 9 at 4 ("Any issue not raised in the Joint Stipulation may be deemed to have been waived.")].

B. <u>Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

Additionally, despite not having to do so, the ALJ provided at least six clear and convincing reasons for finding Plaintiff's testimony "less than fully credible." (AR at 17, 19, 23); *see Bagoyan Sulakhyan*, 456 F. App'x at 682.

First, the objective medical evidence contradicted Plaintiff's allegations about the degree of his limitations, including numerous examinations with normal findings. (AR at 17-23, 437-38, 460, 506, 544, 550, 640); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony); *Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007) (ALJ properly rejected claimant's credibility in part because objective evidence, including normal motor strength findings, contradicted claimant's alleged limitations).

Second, Plaintiff received essentially conservative treatment, such as physical therapy, medication, walking regime, and stretching. (AR at 17, 19, 20-21, 505 (noting that Plaintiff "[g]enerally goes to [physical therapy] and takes medication and gets better"), 506, 550, 640); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (internal citation omitted).

Third, some of Plaintiff's conditions, such as his cervical spine and lower back issues, were resolved with only minimal symptoms. (AR at 17, 19, 21, 432-33, 439, 444, 446, 505); *Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment are not disabling).

Fourth, Plaintiff continued to seek employment after the date he alleged he became disabled. (AR at 17-18, 38-39); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited claimant's testimony in part because he held himself out as available for work).

Fifth, Plaintiff testified he was unable to work because he lacked sufficient experience, a reason unrelated to his alleged disability.[4] (AR at 17-18, 39, 49); *see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (allegation of disabling pain discounted because claimant "was laid off, rather than . . . injured").

Sixth, Plaintiff rejected certain treatment recommendations, such as exercise and surgery. (AR at 17, 19, 21, 45, 50, 439, 446, 505-06); *see Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (ALJ did not err by discounting claimant's testimony based on failure to follow prescribed treatment); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (noncompliance with a prescribed course of treatment is a relevant consideration in assessing a claimant's credibility).

Thus, the ALJ properly discounted Plaintiff's credibility.

//

//

//

//

---

[4] Notably, Plaintiff stated in a deposition that he was involuntarily terminated on October 31, 2008, which happens to be the date he alleged in his application for benefits that he became disabled. (AR at 12, 63, 203, 207, 445.)

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 12-5-2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*